UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

RAINIER INSURANCE COMPANY,

                                    Plaintiff,

        vs.

SANDS WEST, INC., D/B/A SANDS
SHOWGIRLS,

                                    Defendant.

Cause No. 2:23-cv-00214

**COMPLAINT FOR DECLARATORY
RELIEF**

Plaintiff Rainier Insurance Company ("Rainier") by and through its counsel, Soha &
Lang, P.S., pleads and alleges as follows:

## I.      NATURE OF ACTION

In this Declaratory Relief Action, Rainier seeks the following relief:

1.1     A declaration of rights, duties and liabilities of Rainier under the policies of
insurance it issued to Sands West, Inc. ("Sands") with respect to the underlying lawsuit against
Sands, *Ina Schnitzer, et al v. Sands West, Inc., d/b/a Sands Showgirls*, U.S.D.C. W.D. Wa Case
No. 2:22-cv-00460-TL ("Underlying Lawsuit").

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

## II.   PARTIES

2.1   Plaintiff Rainier is an Arizona corporation authorized to do business and is doing business in the State of Washington.  Rainier's principal place of business is located in the State of Oregon.

2.2   Defendant Sands is a corporation originally authorized under the laws of the State of Washington that has since been voluntarily dissolved.

## III.   JURISDICTION AND VENUE

3.1   This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2    Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this claim involves the plaintiffs' claims in the Underlying Lawsuit stemming from an alleged tortious conduct on the part of Sands at the time it was residing and doing business in King County, Washington.

## IV.   STATEMENT OF FACTS

**A.    The Underlying Complaint**

4.1   The plaintiffs in the Underlying Lawsuit are 33 female professional models residing in the United States and abroad.  Each plaintiff alleges that Sands misappropriated and distributed without authorization her images, photos and likenesses ("Images") to use in Sands' advertising for Sands' strip club.

4.2   Each of the plaintiffs in the Underlying Lawsuit alleges Sands used their Images on its Facebook, Twitter and Instagram accounts to promote Sands and to attract patrons.  Each of the plaintiffs alleges that she has never been employed by Sands, has never been hired to

COMPLAINT FOR DECLARATORY RELIEF – 2
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

endorse Sands, has never been otherwise associated with Sands, has received no remuneration for Sands' unauthorized use of her Image, and has suffered or will suffer damages as result of this unauthorized use.

4.3     Each of the plaintiffs in the Underlying Lawsuit alleges that Sands knew that they had never been associated with Sands, knew that its use of their Images created a false impression of such association, and knew that it did not have their permission to use those Images.

4.4     The plaintiffs in the Underlying Lawsuit assert nine claims for relief.  Their first cause of action is for False Advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).  In support of this claim, the plaintiffs allege that Sands knowingly published false and misleading advertisements using plaintiffs' Images.

4.5     The underlying plaintiffs' second cause of action is for False Association in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  In support of this claim, the plaintiffs allege that Sands knowingly, and without authorization used plaintiffs' images to create a false impression with the public that plaintiffs were affiliated with Sands.

4.6     The underlying plaintiffs' third claim is for damages arising from Sands' alleged breach of their Statutory Right of Publicity.  This claim is also based on Sands' alleged knowing unauthorized publication of plaintiffs' Images to advertise and attract business to Sands and to generate revenue.

4.7     The underlying plaintiffs' fourth claim for relief alleges a violation of Washington's Unfair Trade Practices Act, RCW 19.86.  In support of this claim, the plaintiffs allege that Sands' false advertising, misrepresentations, and breaches of its duties to plaintiffs and the public were deceptive, in that they possessed the tendency or capacity to mislead, or

COMPLAINT FOR DECLARATORY RELIEF – 3
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

created the likelihood of deception, affecting members of the public and causing injury to plaintiffs.

4.8     The underlying plaintiffs' fifth cause of action is or Defamation.  In support of this claim, the plaintiffs alleges that Sands' publication of their Images falsely connected them with a strip club, subjecting them to shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation and disgrace.  The plaintiffs allege that Sands acted with negligence, or in alternative, actual malice.

4.9     The underlying plaintiffs' sixth cause of action alleges, negligence, gross negligence and *Respondeat Superior.*  In support of this claim, the plaintiffs allege that Sands owed the plaintiffs a duty of care that its advertising and promotional materials did not on their property and privacy rights. They allege that Sands breached this duty, as well as a duty to implement proper policies and procedures to prevent the use promotional materials that were unauthorized, non-consensual and false, and finally breached its duty in hiring, screening, retaining and supervising its employees in connection with its use of plaintiffs' Images.

4.10     The underlying' plaintiffs' seventh cause of action alleges Conversion in that Sands converted the plaintiffs' property rights in their Images for Sands' own use and financial gain. The underlying plaintiffs' final eighth and ninth claims for relief allege Unjust Enrichment and Quantum Meruit, in that Sands benefited from its unauthorized use of plaintiffs' Images and failed to compensate the plaintiffs for such use.

4.11     On July 8,  2022, Rainier agreed to participate in Sands' defense against the claims alleged in the Underlying Lawsuit subject to a reservation of rights.

4.12     On July 8, 2022, Rainier sent Sands a reservation of rights regarding the defense and indemnity of the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF – 4
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

**B.      The Rainier Insurance Policies**

4.13    Rainier issued the following general liability policies to Sands (collectively, "Rainier GL Policies") under Policy No.  SCL704143:

a.      7/29/2015-16 ("2015 Policy");
b.      7/29/2016-17 ("2016 Policy");
c.      7/29/2017-18 ("2017 Policy"); and
d.      7/29/2018-19 ("2019 Policy").

The Rainier GL Policies have coverage limits of $1,000,000 per occurrence and $2,000,000 general aggregate.

4.14    Each of the Rainier GL Policies contains the following Insuring Agreements under Coverage A for Bodily Injury and Property Damages and Coverage B for Personal and Advertising Injury subject to other terms, conditions, and exclusions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORMS**

\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

COMPLAINT FOR DECLARATORY RELIEF – 5
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A and B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if**:**

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during  or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

COMPLAINT FOR DECLARATORY RELIEF – 6
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/Fax (206) 624-3585

4875-2947-1569, v. 1

1.    **Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)**    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

b.    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

4.15    Coverage B for Personal and Advertising Injury is subject to following exclusions in every Rainier GL Policy:

2.    **Exclusions**

This insurance does not apply to:

a.    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

b.    **Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

c.    **Material Published Prior To Policy Period**

COMPLAINT FOR DECLARATORY RELIEF – 7
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

**d.**   **Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\* \* \*

**i.**   **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copy right, trade dress or slogan.

\* \* \*

**k.**   **Electronic Chatrooms Or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

**l.**   **Unauthorized Use Of Another's Name Or Product**

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

4.16   Each of the Rainier GL Policies contains the following definitions pertinent to the Insuring Agreements in Coverage A for Bodily Injury and Property Damage and Coverage B for Personal and Advertising Injury:

**SECTION V – DEFINITIONS**

**1.**   "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.**   Notices that are published include material placed on the Internet or on similar electronic means of communication; and

COMPLAINT FOR DECLARATORY RELIEF – 8
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

**b.**   Regarding web-sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

**3.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**   False arrest, detention or imprisonment;

**b.**   Malicious prosecution;

**c.**   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**   The use of another's advertising idea in your "advertisement"; or

**g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**17.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

4.17   The 2017, 2018 and 2019 Rainier Policies each contain the following Exclusion:

COMPLAINT FOR DECLARATORY RELIEF – 9
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

**SALE OR DISTRIBUTION OF RECORDED MATERIAL**
**RAI 01 06 05 04 and GL 11 34 05 17**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**1.**  The following exclusion is added to **Section 2. Exclusions** under **SECTION 1 COVERAGES, COVERAGE A** BODILY INJURY AND PROPERTY DAMAGE LIABILITY, and is added to **Section 2. Exclusions** under **SECTION 1 COVERAGES, COVERAGE B** PERSONAL AND ADVERTISING INJURY LIABILITY, and is added to **Section 2. Exclusions** under **SECTION 1 COVERAGES, COVERAGE C** MEDICAL PAYMENTS:

**2.**  This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury," or to any claim or "suit" alleging "bodily injury", "property damage", "personal and advertising injury" or "medical expenses" arising out of any of the following:

    **a.**  Recording, selling, sharing, trading, holding, making available, releasing or distributing in any manner, video or audio recordings or still images;

    **b.**  Video, audio, or still image filming, recording, or monitoring of "employees," independent contractors, customers or "third parties";

    **c.**  Releasing, failing to release or threatening to release or distribute in any manner video or audio recordings or still images;

    **d.**  Failure to pay for or any agreement or practice involving remuneration or compensation of any kind for video, audio, or still image recording or monitoring of "employees," independent contractors, customers or "third parties";

    **e.**  Negligent supervision, hiring, employment, retention, training or monitoring of any "employee" or in dependent contractor or "third party" resulting in or pertaining to any act or allegation of any act set forth in a. through d. above;

    **f.**  Negligent entrustment resulting in or pertaining to any act or allegation of any act set forth in a. through d. above;

    **g.**  Negligence in aiding or failing to aid or protect any person from any act or allegation of any act set forth in a. through d. above, even if the negligence was or was alleged to be an independent cause of harm;

    **h.**  Negligent failure or delay in reporting to proper authorities, investigation of any incident or complaint, or otherwise failing to

COMPLAINT FOR DECLARATORY RELIEF – 10
USDC WD WA CAUSE NO. 2-23-cv-00214

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Suite 2000
Seattle, Washington  98101-2570
(206) 624-1800/Fax (206) 624-3585

4875-2947-1569, v. 1

respond properly or in a timely manner to any act or allegation of any act set forth in a. through d. above;

**i.**     Negligent maintenance, security, supervision, or monitoring of the premises or surrounding areas or failure to adopt or enforce adequate procedures or protocols resulting in or pertaining to any act or allegation of any act set forth in **a**. through **d**. above;

**j.**     Actual or alleged failure to prevent, halt or bar any act identified in a. through d. above; or

**k.**     Indemnity for any act identified in a. through d. above.

The above acts, allegations, or causes of action shall not be deemed an "occurrence", we will have no duty to defend or indemnify, and no person or entity shall be considered an insured for such acts, allegations, or causes of action regardless of:

**a**.     Whether damages sought are for "bodily injury," "property damage," "personal injury," "advertising injury" or "medical expenses";

**b.**     The intent or degree of culpability of an insured, "employee," or "third party";

**c.**     Whether the claim, demand or "suit" alleges that an insured acted directly or indirectly to cause the danger or harm;

**d**.     Whether the claim, demand or "suit" alleges that the insured trained, instructed, directed, influenced or controlled its "employees" or "third parties" in such a manner to cause danger or harm.

**e.**     Whether the actual or alleged act, omission, or harm is on premises owned, occupied, leased or rented by an insured or by a "third party";

**f**.     Whether the legal theory of liability or damages, alleges or includes vicarious liability, respondeat superior, violation of any law or statute, criminal act, intentional act, or negligence, including but not limited to causes of action based on hiring, supervision, retention, training, instructing, advising, monitoring, providing security, or implementing procedures and protocols;

**g.**     Whether the claim, demand or "suit" alleges that the insured or his officers, "employees" or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation, or cause of action;

**h.**     Whether the actual or alleged act or omission is by an insured or at the direction of an insured or by or at the direction of any other person or entity;

**i.**     Whether the claim, demand or "suit" alleges indemnity is owed.

COMPLAINT FOR DECLARATORY RELIEF – 11
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

**3**.     This exclusion applies to any claim, demand or "suit" by any other person, firm, estate, entity or organization asserting rights derived from, or contingent upon, any person asserting a claim excluded herein.

**4**.     This exclusion applies to all harm and resulting damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs of any kind and attorney and expert fees.

**5**.     The following definitions apply to this endorsement:

**a**.     "Medical expenses" means medical expenses as described in Coverage C Medical Payments of this policy.

**b**.     "Third party" means agents, actual or alleged independent contractors of any kind, sub-contractors, patrons, customers, lessors, lessees, security personnel or any other persons lawfully or unlawfully on or about the insured's premises.

4.18    The 2015 Policy contains in Form CG 00 68 05 09 and the 2016, 2017 and 2018 Policies in Form CG 10 01 04 13    contain the following exclusion:

### EXCLUSION - RECORDING AND DISTRIBUTION OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A**.     Exclusion q. of Paragraph 2. Exclusions of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability is replaced by the following:

**2**.     **Exclusions**

This insurance does not apply to:

**q**.     **Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3)     The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

COMPLAINT FOR DECLARATORY RELIEF – 12
USDC WD WA CAUSE NO. 2-23-cv-00214

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Suite 2000
Seattle, Washington  98101-2570
(206) 624-1800/Fax (206) 624-3585

4875-2947-1569, v. 1

(4)     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmit ting, communicating or distribution of material or information.

**B**.     Exclusion p. of Paragraph 2. Exclusions of Section **I** – Coverage **B** – Personal And Advertising Injury Liability is replaced by the following:

**2.     Exclusions**

This insurance does not apply to:

**p.     Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3)     The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

(4)     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmit ting, communicating or distribution of material or information.

4.19     The Rainier Policies also contain the following exclusion:

**EXCLUSION – CLAIMS, DAMAGES AND INJURIES FIRST OCCURRING PRIOR TO POLICY PERIOD GL 10 22 04 08**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph 2., Exclusions of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section **I** – Coverage **B** – Personal And Advertising Injury Liability:

Claims, Damages And Injuries Commencing Prior To Policy Period

COMPLAINT FOR DECLARATORY RELIEF – 13
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

(1)     This insurance, including our duty to defend a "suit", does not apply to "bodily injury", "property damage", or "personal and advertising injury" that:

    (a)     Occurred before the inception date of this policy; or

    (b)     First commenced before the inception date of this policy; or

    (c)     First commenced before the inception date of this policy and is, or is alleged to be, in the process of continuing or worsening at any time during the policy period.

(2)     This insurance, including our duty to defend a "suit", does not apply to "bodily injury", "property damage", or "personal and advertising injury" that any person or entity, whether or not an "insured", knew about, is alleged to have known about, or with reasonable diligence should have known about prior to the inception of this policy.

4.20     The Rainier Policies also contain the following exclusion:

**EXCLUSION - DERIVATIVE AND ANCILLARY CLAIMS EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**1.**     The following exclusion is added to **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, and COVERAGE C MEDICAL PAYMENTS, 2. Exclusions:**

**2.**     This insurance does not apply to any claim or "suit" alleging "bodily injury", "property damage", "personal and advertising injury" or "medical expenses", arising out of any act, omission, conduct, condition, circumstance, or occurrence excluded by this policy, whether excluded by endorsement, or by any other controlling coverage form attached to or incorporated into this Policy. Any such claim or "suit" is excluded from coverage and we shall have no obligation to defend or investigate any such claim or "suit" whether or not such claim or "suit" alleges or pertains to any of the following:

    **a.**     Negligent supervision, hiring, employment, retention, training, or monitoring of any employee or independent contractor or "third party" resulting in or pertaining to any act or allegation of any act excluded by this Policy;

    **b**.     Negligent entrustment resulting in or pertaining to any act or allegation of any act excluded by this Policy;

COMPLAINT FOR DECLARATORY RELIEF – 14
USDC WD WA CAUSE NO. 2-23-cv-00214

Soha & Lang, P.S.
Attorneys at Law
1325 Fourth Avenue, Suite 2000
Seattle, Washington 98101-2570
(206) 624-1800/Fax (206) 624-3585

4875-2947-1569, v. 1

c.      Negligence in aiding or failing to aid or protect any person from any act or allegation of any act excluded by this Policy, even if the negligence was or was alleged to be an independent cause of harm;

d.      Negligent failure or delay in reporting to proper authorities, investigation of any incident or complaint, or otherwise failing to respond properly or in a timely manner to any act or allegation of any act excluded by this Policy;

e.      Negligent maintenance, security, supervision, or monitoring of the premises or surrounding areas, or failure to adopt or enforce adequate procedures or protocols resulting in or pertaining to any act or allegation of any act excluded by this Policy;

f.      Actual or alleged failure to prevent, halt, or bar any act excluded by this Policy; or

g.      Indemnity for any act excluded by this Policy.

The above acts, allegations, or causes of action shall not be deemed an "occurrence", we will have no duty to defend or indemnify, and no person or entity shall be considered an insured for such acts, allegations, or causes of action regardless of:

a.      Whether damages sought are for "bodily injury", "property damage", "personal injury", "advertising injury", or "medical expenses";

b.      The intent or degree of culpability of an insured, employee, or "third party";

c.      Whether the claim, demand, or "suit" alleges that an insured acted directly or indirectly to cause the danger or harm;

d.      Whether the claim, demand, or "suit" alleges that the insured trained, instructed, directed, influenced, or controlled its employees or "third parties" in such a manner to cause danger or harm.

e.      Whether the actual or alleged act, omission, or harm is on premises owned, occupied, leased, or rented by an insured or by a "third party";

f.      Whether the legal theory of liability or damages, alleges or includes vicarious liability, respondeat superior, violation of any law or statute, criminal act, intentional act, or negligence, including but not limited to causes of action based on hiring, supervision, retention, training, instructing, advising, monitoring, providing security, or implementing procedures and protocols;

COMPLAINT FOR DECLARATORY RELIEF – 15
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

**g.** Whether the claim, demand or "suit" alleges that the insured or his officers, employees, or agents failed to prevent, bar or halt any conduct which is the basis of any act, allegation, or cause of action;

**h.** Whether the actual or alleged act or omission is by an insured or at the direction of an insured, or by or at the direction of any other person or entity;

**i.** Whether the claim, demand, or "suit" alleges indemnity is owed.

**3.** This exclusion applies to any claim, demand, or "suit" by any other person, firm, estate, entity or organization asserting rights derived from, or contingent upon, any person asserting a claim excluded herein.

**4.** This exclusion applies to all harm and resulting damages to persons or property, regardless of the damages alleged, claimed, stipulated or awarded, including costs of any kind and attorney and expert fees.

**5.** The following definitions apply to this endorsement:

**a.** "Medical expenses" means medical expenses as described in Coverage C Medical Payments of this policy.

**b.** "Third party" means agents, actual or alleged independent contractors of any kind, sub-contractors, patrons, customers, lessors, lessees, security personnel, or any other persons lawfully or unlawfully on or about the insured's premises, or acting on the insured's behalf or at the insured's direction.

4.21   The Rainier Policies also contain the following exclusion:

### WASHINGTON CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

\* \* \*

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

**1.** Section I of the Commercial General Liability, Commercial Liability Umbrella, Electronic Data Liability, Farm, Liquor Liability, Owners And Contractors Protective Liability, Pollution Liability, Products/Completed Operations Liability, Product Withdrawal, Medical Professional Liability, Railroad Protective Liability and Underground Storage Tank Coverage Parts, Auto Dealers Coverage Form and the Farm Umbrella Liability Policy;

COMPLAINT FOR DECLARATORY RELIEF – 16
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

2.      Section **II** under the Auto Dealers, Business Auto and Motor Carrier Coverage Forms;

3.      Section **III** under the Auto Dealers and Motor Carrier Coverage Forms;

4.      Section **A**. Coverage under the Legal Liability Coverage Form; and

5.      Coverage **C** – Mortgageholder's Liability under the Mortgageholder's Errors And Omissions Coverage Form.

Paragraph B**.** also applies to any other provision in the policy that sets forth a duty to defend.

**B**.      If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

4.22    The Rainier Policies also contain the following exclusion:

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A**.      The following exclusion is added to Paragraph **2., Exclusions** of Section **I** – Coverage **A** - Bodily Injury And Property Damage Liability, Paragraph **2., Exclusions** of Section **I** – Coverage **B** – Personal And Advertising Injury Liability, and Paragraph **2., Exclusions** of Section **I** – Coverage **C** Medical Payments:

**2.      Exclusions**

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury" or medical payments which arise out of any claim of or indemnification for punitive or exemplary dam ages. If a suit shall have been brought against the insured for a claim falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action. The company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive damages.

COMPLAINT FOR DECLARATORY RELIEF – 17
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/Fax (206) 624-3585

4.23    The Rainier Policies also contain the following exclusion:

## EXCLUSION – PRIOR MANIFESTATION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

This policy excludes coverage for, and we shall have no duty to defend and/or incur, expense of any kind whatsoever as respects to a claim seeking damages consisting of, arising out of, or relating to "bodily injury," "property damage," "personal and advertising injury" which first manifests in whole or in part, prior to the effective date of the policy.

This exclusion applies whether or not your legal liability has been established.

For purposes of this exclusion:

**1**.    "Bodily injury" shall be deemed to have manifested as of the earliest date on which "bodily injury" is "medically diagnosable" or when "bodily injury" occurs or is alleged to occur, irrespective of whether an insured was aware of the existence of any such "bodily injury," and irrespective of whether such "bodily injury" may have been continuous or progressive, or may have been due to repeated exposure to substantially the same harmful conditions, or may have become progressively worse during the policy

As used in this section, "medically diagnosable" shall mean that distinct signs and/or symptoms of disease, ailment or injury exist sufficient to permit a reasonably accurate medical diagnosis.

**2**.    "Property damage" shall be deemed to have manifested as of the earliest date on which "property damage" first occurs, is alleged to first occur, or is first observable, irrespective of whether an "insured" was aware of the existence of any such "property damage," and irrespective of whether such "property damage" may have been continuous or progressive, or may have been due to repeated exposure to substantially the same harmful conditions, or may have become progressively worse during the policy period.

**3**.    "Personal and advertising injury" shall be deemed to have manifested as of the earliest date on which "personal and advertising injury" first occurs or is alleged to first occur, irrespective of whether such "personal and advertising" was continuous or progressive, or may have been due to repeated instances of substantially the same or similar harmful offenses, or whether such offenses became progressively worse during the policy period.

All other terms and conditions of the policy remain unchanged.

COMPLAINT FOR DECLARATORY RELIEF – 18
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

4.24     The Rainier Policies also contain the following condition, which provides:

**MULTIPLE POLICY ANTI STACKING CONDITION GL 10 87 06 13**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION IV** – **COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended by the addition of the following:

When we issue policies to you covering successive or different policy periods, we do not provide any duplication or overlap of coverage between policies. If this policy and any other policy issued to you by us applies to the same "occurrence," the maximum limit of insurance under all of the policies shall not exceed the

## V.  FIRST CAUSE OF ACTION – DECLARATORY RELIEF

5.1     Rainier incorporates by reference the allegations of all paragraphs above as if fully alleged herein.

5.2     In accordance with 28 U.S.C § 2201, Rainier seeks a ruling from this Court that the Rainer GL Policies do not provide coverage for the Underlying Lawsuit.

5.3     An actual justiciable controversy exists between Rainier and Defendants concerning whether there is insurance coverage under the Rainier GL Policies for the claims asserted in the Underlying Complaint.

5.4     The Rainier GL Policies do not provide coverage for claims that do not fall within the scope of coverage or that are excluded by the language of the policies.  Rainier has no duty to defend and no duty to indemnify Sands against the claims alleged in the Underlying Lawsuit, in whole or in part, for one or more of the following reasons:

a.      The Underlying Lawsuit does not allege "bodily injury" or "property damage" under the Rainier GL Policies;

b.      The Underlying Lawsuit does not allege an "occurrence" under the Rainier GL Policies.

c. Liability coverage under the Rainier GL Policies for "personal and advertising injury is precluded by one or more exclusions in Paragraph 2 of Coverage B in the Rainier GL Policies;

d. The Sale or Distribution of Recorded Material exclusion precludes coverage for the Underlying Lawsuit under the Rainier GL Policies.

e. The Recording and Distribution of Material or Information in Violation of Law exclusion precludes coverage for the Underlying Lawsuit under the Rainier GL Policies;

f. The Claims, Damage and Injuries Occurring Prior to Policy Period exclusion precludes coverage, including any duty to defend, for any alleged unauthorized use of plaintiffs' images taking place before July 29, 2015.

g. The Derivative and Ancillary Claims exclusion in the Rainier GL Policies precludes coverage for the Underlying Lawsuit;

h. The Prior Manifestation exclusion precludes coverage, including any duty to defend, for any alleged unauthorized use of plaintiffs' images taking place before July 29, 2015.

i. The Punitive or Exemplary Damage exclusion precludes coverage for any award of punitive damages in the Underlying Lawsuit.

j. The Multi Policy and Anti-Stacking provisions provide, regardless of any coverage issues, that there shall be no duplication or overlap of coverage and if coverage were deemed to apply, only the highest applicable limit shall apply.

k. The Washington Changes Defense Costs provisions allow Rainier to recover defense costs previously paid in the event the Court holds that there is no coverage for the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF – 20
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON 98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

5.5    In the event that the Court finds that any of the Rainier GL Policies provide coverage for Sands for the claims alleged in the Underlying Lawsuit, coverage afforded under the Rainier GL Policies is subject to limits of $1 million per occurrence and $2 million general aggregate.

5.6    Coverage is limited or precluded under other such further policy language or other grounds that may restrict or preclude coverage under the Rainier GL Policies.

## VI.    RESERVATION OF RIGHT TO AMEND

Rainier reserves the right to amend its complaint, in whole or in part, as it obtains additional facts through investigation and discovery.

## VII.    PRAYER FOR RELIEF

Plaintiff Rainier prays for the following relief:

1.    For a declaratory judgment in its favor stating that:

a.    The Rainier GL Policies do not provide coverage for the claims asserted against Sands in the Underlying Lawsuit;

b.    Rainier has no duty to defend Sands under any of the Rainier GL Policies against the claims alleged in the Underlying Lawsuit;

c.    Rainier has no duty to indemnify Sands under the Rainier GL Policies in connection with any settlement entered into or judgment entered against Rainier with respect to the claims alleged in the Underlying Lawsuit;

d.    Rainier is entitled to immediately withdraw its defense of Sands in the Underlying Lawsuit;

e.    For attorney's fees and costs to the extent permitted by law; and

f.    For such other and further relief as this court may deem just and equitable.

COMPLAINT FOR DECLARATORY RELIEF – 21
USDC WD WA CAUSE NO. 2-23-cv-00214

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585

4875-2947-1569, v. 1

DATED this 16th day of February, 2023.

SOHA LANG, P.S.


By:___*s/Paul Rosner*_____
    Paul Rosner, WSBA # 37146
    Email: rosner@sohalang.com

    ___*s/Will Ashbaugh*_____
    J. William Ashbaugh, WSBA # 21692
    Email: ashbaugh@sohalang.com
    1325 4th Avenue Suite 2000
    Seattle WA 98101-2570
    Telephone:  206-624-1800
    Facsimile:  206-624-3585
    Attorneys for Red Shield Insurance Co.

COMPLAINT FOR DECLARATORY RELIEF – 22
USDC WD WA CAUSE NO. 2-23-cv-00214

4875-2947-1569, v. 1

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 2000
SEATTLE, WASHINGTON  98101-2570
(206) 624-1800/FAX (206) 624-3585